Fromme Bros., for appellant.
Frank E. Hipple, for respondent.

PER CURIAM. The judgment under review is sought to be upheld upon the ground that the plaintiff produced one Stern, who was ready and willing to exchange his property, situate in Mt. Vernon, in this state, for the defendant's premises, known as No. 234 West 136th street, in the borough of Manhattan, upon the terms named by the latter. While it is true that through the plaintiff's efforts the parties did agree upon a sum which was to be paid to the defendant for the difference in the equities of the lands to be exchanged, yet the record discloses that the minds of the parties never met with respect to the time when possession of the premises owned by the defendant should be given. This, even according to the testimony offered in behalf of the plaintiff, was still an open question when the parties agreed to meet at the office of the attorney for the defendant upon the following day. When they met it was discovered that the tenant who then occupied the premises owned by the defendant refused to waive service of 90 days' notice to vacate the same in case of a transfer of title, to which notice she was entitled by the terms of her lease. The defendant then refused to enter into a contract unless Stern would stipulate to take the premises subject to such outstanding lease. The latter declined to do so, and the transaction fell through. The plaintiff knew of the existence of this provision of the lease while he was engaged in his negotiations. Since this was an implied contract for the services of a broker, his right to commissions was dependent upon his bringing the minds of the parties to an agreement (Byrne v. Korn, 25 Misc. Rep. 509, 54 N. Y. Supp. 1050), and, having failed to do so, it is obvious that the rendition of the judgment in his favor was erroneous.

It follows from these views that the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

---

HYNES v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. June 28, 1900.)

CONFLICTING EVIDENCE—QUESTION OF FACT—APPEAL—VERDICT NOT DISTURBED.
    A verdict rendered on conflicting evidence will not be disturbed on appeal.

Appeal from city court of New York, general term.

Action for injuries by Margaret Hynes against the Metropolitan Street-Railway Company. From a judgment of the city court of New York, general term (64 N. Y. Supp. 382), affirming a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before TRUAX, P. J., and SCOTT and DUGRO, JJ.

Henry A. Robinson, for appellant.
Alfred & Charles Steckler, for respondent.

PER CURIAM. The plaintiff testified that she signaled to the conductor to stop the car when he passed Ninety-Seventh street; that

the car stopped at Ninety-Eighth street, and as she was about getting off it was suddenly started, and she was thrown to the ground and received severe injuries. That the car stopped at Ninety-Eighth street is denied by but one person,—the conductor of the car, who testified that the car had not, to his recollection, stopped at Ninety-Eighth street. The other witnesses would not swear that the car had not stopped at Ninety-Eighth street. The case presented a question of fact for the jury, and, there being evidence to sustain the verdict, the case presents no question of law for our consideration.

Judgment and order appealed from affirmed, with costs.